***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Ledford and enters the following Opinion and Award:
 ***********
As set forth in the Pre-Trial Agreement and Deputy Commissioner Ledford's July 29, 2010 Opinion and Award, the Full Commission addresses the following:
 ISSUES
1. Whether plaintiff's injury by accident on February 3, 2008, resulted in an injury to *Page 2 
his lower back?
2. Whether plaintiff's big toe pain for which he sought treatment on or about February 18, 2008, was caused by the accident of February 3, 2008?
3. What, if any, indemnity and medical compensation is plaintiff entitled to receive?
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. At all times relevant hereto, the parties were bound by and subject to the provisions of the North Carolina Workers' Compensation Act, with defendant-employer regularly employing three or more employees.
2. The Industrial Commission has jurisdiction over the parties and of the subject matter of this claim.
3. On or about February 3, 2008, there was an employee-employer relationship between plaintiff and defendant.
4. On or about February 3, 2008, defendant-employer was self-insured.
5. The parties submitted the Pre-Trial Agreement, IC Forms, Employee's Initial Report of Injury, Plaintiff's Recorded Statement, and Discovery Responses in one folder collectively marked and received as Stipulated Exhibit 1.
6. Plaintiff's Medical Records were submitted with cover letter from defense counsel, the day following the hearing, and have been received as Stipulated Exhibit 2.
 *********** *Page 3 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff-employee, Timothy Rose, was twenty-four (24) years old on the date of the hearing before the Deputy Commissioner. Plaintiff began working for defendant in October of 2007, and had been employed about four (4) months as of February 3, 2008. Plaintiff was employed as a correctional officer at Hyde Correctional on February 3, 2008, working a twelve hour shift from 6:00 p.m. to 6:00 a.m.
2. On February 3, 2008, plaintiff was walking up a set of five to six concrete stairs, which had hand rails and steel grids, to a control tower when he tripped and fell forward. As plaintiff fell he struck his right knee on the top step, and he then did a "barrel roll" onto the control room floor. At the time, plaintiff was wearing steel-toed boots. Plaintiff felt and reported pain in his right knee and did not at that time experience or report any pain in his lower back. Plaintiff is a large man at six feet (6') tall and weighed about three hundred and thirty-eight (338) pounds at the time of the injury.
3. On the night of February 3, 2008, before leaving to obtain medical treatment, plaintiff filled out a statement in which he mentioned only a knee injury. Plaintiff's right knee injury was accepted as compensable by defendant by the filing of a Form 60, accepting a contusion of the right knee.
4. Defendant has denied plaintiff's claim for a low back injury via a Form 61 dated April 29, 2008.
5. Plaintiff sought treatment at Pungo District Hospital for his right knee pain on the date of the accident. Plaintiff's right knee was mildly swollen with contusions. X-rays were *Page 4 
negative for fractures. Plaintiff was given pain medicine to take as needed and was released to return to work. Plaintiff did not seek further medical treatment for his right knee.
6. On February 18, 2008, plaintiff sought treatment at Pungo District Hospital for right toe pain. Plaintiff reported a history of "bumping toe 1 day ago" at his house and that he slipped and reinjured the right big toe on the way to the hospital.
7. On March 3, 2008, plaintiff sought treatment for right foot pain, with Dr. George Miller, a board certified orthopedic surgeon. Plaintiff reported that the pain began without injury. Right foot x-rays showed no acute fracture. At that time, per Dr. Miller's testimony, plaintiff did not relate anything about a work injury. Dr. Miller suspected gout, but blood tests did not confirm this diagnosis.
8. Plaintiff was seen in follow-up both by Dr. Miller and his assistant PA-C David Baker. At plaintiff's March 27, 2008 visit, plaintiff reported he now had symptoms of pain in his right foot and his left hip and buttock, which had not been present before. Plaintiff reported that it started as tingling and got worse with walking, progressing to pain. At this visit, Dr. Miller suspected possible lumbar disc involvement and ordered a lumbar MRI.
9. As of the visit of March 27, 2008, Dr. Miller also gave plaintiff work restrictions of "No extended walking" and "Sitting work only." Plaintiff went out of work around this time. The evidence fails to show that defendant offered plaintiff any work within his restrictions at this time.
10. The lumbar MRI was performed on April 3, 2008, and showed degenerative changes and a central disc protrusion at L4-L5, impinging the left L5 nerve root. After reviewing these results, Dr. Miller referred plaintiff to Dr. Kurt Voos for further treatment. *Page 5 
11. Per Dr. Miller's testimony, after review of the medical records, it appears that plaintiff sustained a new and separate incident around February 18, 2008, when he bumped his big toe at home. Plaintiff could have sustained an increased flexion or dorsiflexion of his great toe when he fell at work, but the history from the medical records shows a separate later incident.
12. On May 28, 2008, plaintiff came under the care of Dr. Kurt Voos, an orthopedic surgeon. A myelogram was done on June 2, 2008. Dr. Voos performed back surgery, a bilateral discectomy, on June 5, 2008. Per Dr. Voos, this surgery was necessary to lessen plaintiff's pain and improve his condition.
13. Dr. Voos' opinion, based on the medical history, is that plaintiff's big toe pain was caused by a separate incident unrelated to plaintiff's fall of February 3, 2008. The medical records reflect that plaintiff bumped his toe at home, a day or so prior to his February 18, 2008 visit to the hospital. Considering that plaintiff was wearing steel-toed boots when he fell, and per the opinions of Dr. Miller and Dr. Voos, the Full Commission finds that the accident on February 3, 2008, did not cause injury to plaintiff's right big toe.
14. Both Dr. Miller and Dr. Voos have opined that the fall on February 3, 2008, was a cause of or significant aggravating factor in the plaintiff's lumbar disc injury at L4-L5. Per Dr. Voos, the surgery was performed for this condition. Based upon the expert medical opinions and testimony, the Full Commission finds that the accident on February 3, 2008, was a significant contributing or causative factor in plaintiff's development of a disc bulge at L4-L5. The disc injury caused plaintiff's hip, buttock, and leg pain, which plaintiff later developed and first reported to Dr. Miller in late March 2008. The Full Commission finds by the greater weight of the medical evidence, that plaintiff's back pain did not develop immediately at the time of the fall and that fact does not negate the causal connection to the accident. *Page 6 
15. Per Dr. Voos, following the surgery, plaintiff reached maximum medical improvement as of his visit on December 10, 2008. However, Dr. Voos did not think that plaintiff was able to return to work, and a functional capacity evaluation was recommended. Dr. Voos thinks it is unlikely that plaintiff will be able to return to work as a correctional officer. As of the hearing date before the Deputy Commissioner, plaintiff had not returned to work in any capacity. Per Dr. Voos' testimony, plaintiff has sustained a ten percent (10%) permanent impairment to his back as a result of his accident.
16. Although plaintiff is at maximum medical improvement, Dr. Voos recommends further pain management treatment. Per Dr. Voos testimony, as of December 2008, plaintiff was still "requiring significant narcotic pain medication."
17. The Industrial Commission Forms submitted show that on the date of accident, February 3, 2008, plaintiff's average weekly wage was $533.26 yielding a compensation rate of $355.52.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On February 3, 2008, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant when he fell ascending some stairs, striking his knee on the top step and rolling onto the floor. As a consequence, plaintiff sustained injury to his right knee and lower back. N.C. Gen. Stat. § 97-2(6);Holley v. ACTS, Inc., 357 N.C. 228, 581 S.E.2d 750 (2003). *Page 7 
2. The greater weight of the medical evidence, including the physicians' testimony, fails to establish that plaintiff's subsequent complaints of right big toe pain on or about February 18, 2008, were caused by the accident of February 3, 2008. Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, 265 S.E.2d 389 (1980).
3. Defendant is responsible for payment for all medical treatment reasonably necessary and rendered to Plaintiff for his right knee injury, including the initial hospital visit, and the treatment of his back injury, including the treatment rendered by Dr. Miller and Dr. Voos, and the back surgery performed by Dr. Voos. N.C. Gen. Stat. §§ 97-2(19), 97-25.
4. Plaintiff is in need of additional medical treatment in the form of pain management, as recommended by Dr. Voos, and also a functional capacity evaluation. Defendant is responsible for providing the same. N.C. Gen. Stat. §§ 97-2(19), 97-25.
5. As a consequence of his back injury, plaintiff has been unable to return to work in any employment and has been temporarily totally disabled since March 27, 2008. Defendant is responsible for paying plaintiff compensation at the rate of $355.52 per week from March 27, 2008, and continuing until further Order of the Commission. N.C. Gen. Stat. § 97-29; Russell v. LowesProd. Distrib., 108 N.C. App. 762, 425 S.E.2d 454 (1993).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Subject to the attorney's fee approved below, defendant shall pay to plaintiff ongoing temporary total disability compensation at the rate of $355.52 per week for the period of March 27, 2008, *Page 8 
through the present and continuing until such time as he returns to suitable employment or further Order of the Commission.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded to plaintiff in paragraph one (1) above, is hereby approved to be deducted from the lump sums accrued and thereafter, every fourth (4th) payment due plaintiff shall be paid directly to plaintiff's attorney.
3. Defendant is not responsible for payment for plaintiff's hospital visit on February 18, 2008, regarding plaintiff's big toe complaints.
4. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injuries for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, or give relief, or may tend to lessen the employee's period of disability, when bills for same have been submitted and approved by the Industrial Commission, subject to the limitations period of N.C. Gen. Stat. § 97-25.1.
5. Defendant shall pay the costs.
This the 16th day of February, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 9 
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1